UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                                              Chapter 7

INNOVEST HOLDINGS, LLC,                                      Case No.: 13-22748-RDD

                Debtor.
------------------------------------------------------------------x
MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE
OF THE ESTATE OF INNOVEST HOLDINGS, LLC,
                                                       Adv. Pro. No.:
                Plaintiff,

      -against-

BERNADETA SLEDZIEJOWSKI,                                   **COMPLAINT**

                Defendant.
------------------------------------------------------------------x

Marianne T. O'Toole, Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the estate of Innovest Holdings, LLC (the "Debtor"), by her attorneys, LaMonica Herbst & Maniscalco, LLP, as and for her complaint (the "Complaint") against defendant Bernadeta Sledziejowski ("Bernadeta"), alleges as follows:

## INTRODUCTION

Through the Debtor and other corporate vehicles, Roman Sledziejowski ("Sledziejowski") engaged in a massive scheme which defrauded legitimate investors from tens of millions of dollars from a date in 2008 through May 10, 2013. To facilitate that scheme, Sledziejowski caused the Debtor to improperly funnel money to, among other parties, Defendant Bernadeta, his sister, in the amount of no less than $55,000.00. Defendant Bernadeta provided no consideration to the Debtor for the Transfers (as defined below). Sledziejowski caused the Debtor to remit the Transfers to Defendant Bernadeta solely to funnel money out of the Debtor. Accordingly, Defendant Bernadeta must return that money for the benefit of legitimate creditors.

## NATURE OF THE ACTION

1. This adversary proceeding is brought by the Trustee, *inter alia*, to (i) avoid and recover the Transfers (as defined below) made by the Debtor to Defendant Bernadeta as actual and/or constructive fraudulent transfers, (ii) to recover damages relating to Sledziejowski's and Defendant Bernadeta's conspiracy to defraud the Debtor's creditors, (iii) to recover damages relating to the failure of Defendant Bernadeta to repay the Transfers, and (iv) for the turnover and an accounting of the Transfers.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

3. The predicates for the relief sought herein include 11 U.S.C. §§ 105(a), 323, 542, 548, 550 and 551, New York State Debtor and Creditor Law §§ 270 et seq., Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and New York common law.

4. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409(a).

5. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), (B), (E), (H) and (O).

## THE PARTIES

6. The Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

7. Defendant Bernadeta is an individual who, upon information and belief, resides at 132 Todd Hill Road, LaGrangeville, New York 12540 and/or 315 23rd Avenue NE, Saint Petersburg, Florida 33704.

8. Defendant Bernadeta is Sledziejowski's sister.

2

## PROCEDURAL AND FACTUAL HISTORY

**A.    The Debtor's Bankruptcy Filing**

9.     On May 10, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

10.    By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines dated May 10, 2013, Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, Marianne T. O'Toole became the permanent trustee of the Debtor's estate.

**B.    The Events Leading to Sledziejowski's and the Debtor's Bankruptcy Filing**

11.    On July 18, 2006, the Debtor was formed as a limited liability company in the State of Delaware by Sledziejowski, the 100% owner and sole member of the Debtor.

12.    At all times relevant, Sledziejowski controlled the Debtor.

13.    Sledziejowski, whose Chapter 7 bankruptcy case is currently pending before this Court under case no. 13-22050, appears to have spearheaded a scheme through the Debtor and other corporate vehicles from at least 2008 to May 10, 2013, whereby investment monies were converted for his personal use and/or used to pay among other things, other investors.

14.    The Debtor did not file an income tax return with the Internal Revenue Service for the years that it was in business.

15.    Upon information and belief, according to Sledziejowski's income tax returns and testimony, the Debtor reported zero income from at least 2007 through 2012.

16.    Upon information and belief, at all times relevant, the Debtor never had income.

17.    The Debtor had no proper legal business purpose.

18. The Debtor shared offices with TWS Financial, LLC ("TWS"), another company owned by Sledziejowski that is being liquidated by the Securities and Investor Protection Agency in the United States Bankruptcy Court for the Eastern District of New York under Adv. Pro. No. 13-01152, at 739 Manhattan Avenue, Brooklyn, New York 11222 (the "Manhattan Avenue Premises").

19. At all times relevant, Sledziejowski was the chief executive officer and managing director of TWS.

20. At all times relevant, the Debtor was the 100% owner of the Debtor.

21. By seven letters dated from May 14, 2012 through September 14, 2012, the Financial Industry Regulatory Authority ("FINRA") staff requested, pursuant to FINRA Rule 8210, documents and information from Sledziejowski concerning, inter alia, certain business ventures and other activities in which Sledziejowski was engaged outside the scope of his association with TWS.

22. Sledziejowski failed to fully respond to FINRA's first request letter and completely failed to respond to the six subsequent request letters.

23. On August 29, 2012 and October 2, 2012, Sledziejowski appeared at an on-the-record interview to give testimony to FINRA staff, as requested pursuant to FINRA Rule 8210, but on both occasions Sledziejowski failed to answer substantive questions about various subject matters including business activities in which he was engaged outside the scope of his association with TWS.

24. On October 3, 2012, Sledziejowski failed to appear at an on-the-record interview as requested by FINRA staff pursuant to FINRA Rule 8210.

25. On November 28, 2012, FINRA Department of Enforcement filed a disciplinary proceeding against Sledziejowski (the "FINRA Complaint").

26. Sledziejowski subsequently submitted an offer of settlement to the FINRA Complaint, which was accepted by FINRA's Office of Disciplinary Affairs and an Order Accepting Offer of Settlement was issued on February 1, 2013 (the "FINRA Settlement Order").

27. According to the FINRA Settlement Order, Sledziejowski defrauded three customers of approximately $4.8 million by converting client funds to his personal use while providing falsified account statements to his customers.

28. According to the FINRA Settlement Order, between June 2009 and August 2012, Sledziejowski instructed TWS customers to wire funds from their TWS brokerage accounts or bank accounts to the Debtor for investment purposes.

29. According to the FINRA Settlement Order, Sledziejowski wired funds from customer accounts to the Debtor without the customers' knowledge or consent.

30. According to the FINRA Settlement Order, Sledziejowski provided customers with falsified account statements or account snapshots.

31. According to the FINRA Settlement Order, although Sledziejowski received almost $5 million of customer funds through fraud and deceit, Sledziejowski only returned approximately $1.5 million to those customers.

32. On December 11, 2012, FINRA permanently barred Sledziejowski from the investment advisory business for life and, on February 1, 2013, FINRA entered an Order barring Sledziejowski from the industry in all capacities.

33. On January 15, 2013, Sledziejowski filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5

34. By Order dated March 27, 2013, the Court directed the appointment of a Chapter 11 Trustee.

35. By Notice of Appointment of Chapter 11 Trustee dated March 28, 2013, the Office of the United States Trustee appointed Marianne T. O'Toole as Chapter 11 Trustee of Sledziejowski's estate.

36. By Order dated March 28, 2013, the Court approved the appointment of Marianne T. O'Toole as Chapter 11 Trustee of Sledziejowski's estate.

37. By Stipulation and Order dated April 15, 2013, Sledziejowski's case was consensually converted from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code as of April 15, 2013.

38. By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines dated April 15, 2013, Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of Sledziejowski's estate.

39. On June 13, 2013, Sledziejowski appeared at the Bankruptcy Code § 341(a) meeting of creditors.

**C.    The Transfers Made by the Debtor to Defendant Bernadeta**

40. During the period from a date in 2008 through May 10, 2013, Sledziejowski caused the Debtor to transfer money to Defendant Bernadeta, Sledziejowski's sister.

41. On March 30, 2010, Sledziejowski caused the Debtor to remit a wire transfer to Defendant Bernadeta in the amount of $30,000.00 (the "March 30, 2010 Transfer").

42. On December 28, 2010, Sledziejowski caused the Debtor to remit a wire transfer to Defendant Bernadeta in the amount of $25,000 (the "December 28, 2010 Transfer" and together with the March 30, 2010 Transfer, the "Transfers").

43. The Debtor made the Transfers in furtherance of the scheme spearheaded by Sledziejowski through the Debtor.

44. Sledziejowski used the Debtor as a vehicle to improperly funnel money to Defendant Bernadeta.

45. By the Transfers, the Debtor transferred interests of its property to Defendant Bernadeta.

46. Sledziejowski caused the Debtor to remit the Transfers to or for the direct benefit of Defendant Bernadeta.

47. Sledziejowski knew his scheme to defraud was going to be utilized to ultimately transfer monies to Defendant Bernadeta.

48. Sledziejowski caused the Debtor to make the Transfers to Defendant Bernadeta.

49. Sledziejowski directed the Debtor to make the Transfers to Defendant Bernadeta.

50. Defendant Bernadeta allowed the Debtor to make the Transfers.

51. Defendant Bernadeta received the Transfers or received the benefit of the Transfers.

52. Defendant Bernadeta accepted the Transfers or the benefit resulting from the Transfers from the Debtor.

53. Defendant Bernadeta should not have accepted the Transfers or related benefits from the Debtor.

54. Defendant Bernadeta did not accept the Transfers in good faith.

55. Upon information and belief, Defendant Bernadeta knew of Sledziejowski's massive fraud at the time she accepted the Transfers.

56. Defendant Berndadeta knew, or should have known, that the Transfers from the Debtor were improper.

57. Upon information and belief, Defendant Bernadeta did not provide reasonably equivalent value in exchange for the Transfers.

58. Upon information and belief, Defendant Bernadeta did not provide fair consideration in exchange for the Transfers.

59. Upon information and belief, the Debtor did not receive reasonably equivalent value in exchange for the Transfers.

60. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfers.

61. Defendant Bernadeta never worked for the Debtor as an employee, consultant or independent contractor.

62. Defendant Bernadeta never provided services to the Debtor in consideration for the Transfers.

63. The Debtor did not make the Transfers for a legitimate business purpose.

64. Defendant Bernadeta knew that the Debtor made the Transfers.

65. Defendant Bernadeta knew that she had no involvement with the Debtor.

66. Upon information and belief, the Debtor made the Transfers to avoid satisfying obligations owed to its existing creditors that existed at the time of the Transfers.

67. Upon information and belief, the Debtor made the Transfers to Defendant Bernadeta with actual intent to hinder, delay and/or defraud the Debtor's creditors.

68. Upon information and belief, at all times relevant, the Debtor was insolvent.

69. Upon information and belief, at all times relevant, the Debtor was unable to pay its debts as they became due in the usual course of the Debtor's business.

70. Upon information and belief, the Debtor's inability to pay its debts as they came due continued through the Petition Date.

71. Upon information and belief, at all times relevant, the Debtor intended to incur debts beyond its ability to pay as they came due.

72. Upon information and belief, at all times relevant, the Debtor was left with unreasonably small capital.

73. Upon information and belief, there are transfers of property, other than the Transfers, that the Debtor made to, or for the benefit of, Defendant Bernadeta which the Trustee reserves the right to assert up to the date of trial.

74. Upon information and belief, at all times relevant, Defendant Bernadeta received transfers of property, other than the Transfers, from the Debtor.

75. The Debtor had unsecured creditors at the time of the Transfers who were also creditors as of the Petition Date.

76. At all times relevant, there existed unsecured creditors of the Debtor who remained unsecured creditors as of the Petition Date.

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)
and 550 and New York Debtor and Creditor Law §273)**

77. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "76" as if fully set forth herein.

78. Within six years of the Petition Date, the Debtor made Transfers of property to Defendant Bernadeta.

9

79. Each of the Transfers was made while the Debtor was insolvent.

80. The Debtor did not receive fair consideration for either of the Transfers.

81. Each of the Transfers constitutes a fraudulent conveyance in violation of New York State Debtor and Creditor Law § 273.

82. By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law §273, Plaintiff is entitled to a judgment against Defendant Bernadeta: (a) avoiding the Transfers; (b) in an amount not less than $55,000.00, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amounts as may be determined by the Court.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b), 550 and 551 and New York Debtor and Creditor Law § 274)

83. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "82" as if fully set forth herein.

84. Within six years of the Petition Date, the Debtor made Transfers of property to Defendant Bernadeta.

85. At the time of the Transfers to Defendant Bernadeta, the Debtor was engaged or was about to engage in a business or transaction for which the property remaining in the possession of the Debtor after the Transfers was unreasonably small capital.

86. The Debtor did not receive fair consideration for either of the Transfers.

87. Each of the Transfers constitutes a fraudulent conveyance in violation of New York State Debtor and Creditor Law § 274.

88. By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law §274, Plaintiff is entitled to a judgment against

Defendant Bernadeta: (a) avoiding the Transfers; (b) in an amount not less than $55,000.00, plus interest thereon from the date of the complaint, attorneys fees and costs, and such other amounts as may be determined by the Court.

### THIRD CLAIM FOR RELIEF
(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b), 550 and 551 and New York Debtor and Creditor Law § 275)

89. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "88" as if fully set forth herein.

90. Within six years of the Petition Date, the Debtor made Transfers of property to Defendant Bernadeta.

91. At the time of the Transfers, the Debtor intended to, or believed that it would, incur debts beyond its ability to pay as they matured.

92. The Debtor did not receive fair consideration for either of the Transfers.

93. Each of the Transfers constitutes a fraudulent conveyance in violation of New York Debtor and Creditor Law § 275.

94. By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law § 275, Plaintiff may avoid each of the Transfers and is entitled to a judgment against Defendant Bernadeta: (a) avoiding the Transfers; (b) in an amount not less than $55,000.00, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

### FOURTH CLAIM FOR RELIEF
(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b), 550 and 551 and New York Debtor and Creditor Law § 276)

95. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "94" as if fully set forth herein.

11

96. Within six years of the Petition Date, the Debtor made Transfers of property to Defendant Bernadeta.

97. The Debtor made each of the Transfers to Defendant Bernadeta with actual intent to hinder, delay or defraud the Debtor's creditors.

98. Each of the Transfers constitutes a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

99. By reason of the foregoing, pursuant to Bankruptcy Code §§ 544, 550 and 551 and New York State Debtor and Creditor Law § 276, Plaintiff may avoid the Transfers and is entitled to a judgment against Defendant Bernadeta: (a) avoiding the Transfers; (b) in an amount not less than $55,000.00, plus interest thereon from the date of the complaint, attorneys' fees pursuant to applicable law, including New York State Debtor and Creditor Law § 276-a, and costs, and such other amounts as may be determined by the Court.

**FIFTH CLAIM FOR RELIEF**
**(Attorneys Fees Pursuant to 11 U.S.C. §§ 544(b),**
**550 and 551 and New York Debtor and Creditor Law § 276-a)**

100. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "99" as if set forth fully herein.

101. Each of the Transfers was made by the Debtor with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

102. Each of the Transfers was received by Defendant Bernadeta with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

103. Each of the Transfers constitutes a fraudulent transfer of the Debtor's assets in violation of New York State Debtor and Creditor Law § 276.

104. By reason of the foregoing, the Plaintiff is entitled to a judgment against Defendant Bernadeta, under New York State Debtor and Creditor Law § 276-a, for reasonable

12

attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

### SIXTH CLAIM FOR RELIEF
### (Civil Conspiracy)

105. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "104" as if set forth fully herein.

106. Defendant Bernadeta and Sledziejowski were engaged in a course of action intended to defraud the Debtor's creditors.

107. Each of the Transfers is a fraudulent conveyance pursuant to Bankruptcy Code §§ 548 and 550, and New York State Debtor and Creditor Law §§ 273, 274, 275, and 276.

108. Upon information and belief, Defendant Bernadeta and Sledziejowski conspired together and intentionally participated in this course of action.

109. Upon information and belief, each of the Transfers was overt and furthered the conspiracy to defraud the Debtor's creditors.

110. Upon information and belief, Defendant Bernadeta intended to participate in the conspiracy to defraud the Debtor's creditors by accepting, and enjoying the benefits of, each of the Transfers at the expense of the Debtor's creditors.

111. Creditors of the Debtor were harmed as a result of Defendant Bernadeta's participation in this course of action.

112. As a result of Defendant Bernadeta's and Sledziejowski's conspiracy to defraud the Debtor's creditors, the Debtor's creditors and the Debtor's bankruptcy estate were deprived of the value of the Transfers.

113. By reason of the foregoing, the Plaintiff is entitled to an Order and Judgment against Defendant Bernadeta in an amount not less than $55,000.00, plus interest thereon from

the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

### SEVENTH CLAIM FOR RELIEF
### (Monies Had and Received)

114. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "113" as if fully set forth herein.

115. Defendant Bernadeta received and retained each of the Transfers.

116. Defendant Bernadeta did not provide consideration to the Debtor for either of the Transfers.

117. Accordingly, Defendant Bernadeta is not entitled to retain either of the Transfers.

118. By reason of the foregoing, the Plaintiff is entitled to an award against Defendant Bernadeta in an amount to be determined at trial, which amount is not less than $55,000.00, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

### EIGHTH CLAIM FOR RELIEF
### (Unjust Enrichment)

119. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "118" as if fully set forth herein.

120. Defendant Bernadeta received or obtained the benefit of each of the Transfers from the Debtor.

121. Defendant Bernadeta did not provide the Debtor with consideration in exchange for either of the Transfers.

122. Defendant Bernadeta failed to return the Transfers to the Plaintiff or the Debtor.

123. It would be unjust to allow Defendant Bernadeta to retain the Transfers because Defendant Bernadeta did not provide consideration to the Debtor in exchange for the Transfers.

124. By reason of the foregoing, the Plaintiff is entitled to an award against Defendant Bernadeta in an amount to be determined at trial, which amount is not less than $55,000.00, plus interest thereon from the date of the complaint, attorneys' fees and costs, and such other amounts as may be determined by the Court.

### NINTH CLAIM FOR RELIEF
### (Turnover Pursuant to 11 U.S.C. § 542(a))

125. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "124" as if fully set forth herein.

126. Defendant Bernadeta did not provide consideration to the Debtor for either of the Transfers.

127. The Debtor made each of the Transfers with actual intent to hinder, delay and/or defraud its creditors.

128. Each of the Transfers was made while the Debtor was insolvent, held unreasonably small capital and/or could not pay its debts as they came due.

129. Each of the Transfers is a fraudulent conveyance, which the Trustee may avoid and recover pursuant to 11 U.S.C. §§ 544, 548, 550, 551 and New York State Debtor and Creditor Law §§ 270, et seq.

130. Each of the Transfers constitutes property of the Debtor's estate pursuant to Bankruptcy Code § 541(a).

131. Based on the foregoing, the Court should compel Defendant Bernadeta to turn over all property of the Debtor, including without limitation, each of the Transfers, plus interest, to the Trustee for the benefit of the Debtor's estate and creditors.

## TENTH CLAIM FOR RELIEF
### (Accounting Pursuant to 11 U.S.C. § 542(a))

132. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "131" as if fully set forth herein.

133. Defendant Bernadeta has retained each of the Transfers for which no consideration was provided to the Debtor.

134. The Debtor made each of the Transfers with actual intent to hinder, delay and/or defraud its creditors.

135. Each of the Transfers was made while the Debtor was insolvent, held unreasonably small capital and/or could not pay its debts as they came due.

136. Each of the Transfers is a fraudulent conveyance, which the Trustee may avoid and recover pursuant to 11 U.S.C. §§ 544, 548, 550, 551 and New York State Debtor and Creditor Law §§ 270, et seq.

137. Each of the Transfers constitutes property of the Debtor's estate pursuant to Bankruptcy Code § 541(a).

138. By reason of the foregoing, Plaintiff is entitled to an accounting of: (a) any and all payments made by the Debtor to or for the benefit of Defendant Bernadeta; and (b) the reasons for Defendant Bernadeta's retention of all funds paid by the Debtor to, or for the benefit of, Defendant Bernadeta during the period of January 1, 2008 through the present.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor against Defendant Bernadeta and award the following relief:

i. On the First, Second, Third, and Fourth Claims for Relief, voiding the Transfers, and for damages on behalf of the Debtor in an amount to be determined at trial that is not less than $55,000.00, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and attaching the assets of Defendant Bernadeta to prevent transfers therefrom in the foregoing amounts;

ii. On the Fifth Claim for Relief for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action;

iii. On the Sixth, Seventh, and Eighth Claims for Relief, for damages on behalf of the Debtor in an amount to be determined at trial that is not less than $55,000.00, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and attaching the assets of Defendant Bernadeta to prevent transfers therefrom in the foregoing amounts;

iv. On the Ninth Claim for Relief, directing Defendant Bernadeta to turn over all property of the Debtor, including without limitation, the Transfers, plus interest, to the Trustee for the benefit of the Debtor's estate and creditors;

v. On the Tenth Claim for Relief, an accounting of: (a) any and all payments made by the Debtor for or on behalf of Defendant Bernadeta; and (b) the reasons for Defendant Bernadeta's retention of all funds paid by the Debtor to, or for the benefit of, Defendant Bernadeta during the period of January 1, 2008 through the present;

vi. On all claims, awarding pre- and post- judgment interest, costs and disbursements as allowed by law;

  vii.  On all claims, awarding attorneys' fees as allowed by law;

  viii.  On all claims, allowing punitive damages, as allowed by law; and

  ix.  On all claims, awarding such other and further relief as may appear just and proper.

Dated: February 21, 2014
   Wantagh, New York

            **LaMONICA HERBST & MANISCALCO, LLP**
            Counsel to Marianne T. O'Toole, Chapter 7 Trustee
            of the Estate of Innovest Holdings, LLC

    By:  *s/ Joseph S. Maniscalco*
        Joseph S. Maniscalco, Esq.
        Nicholas C. Rigano, Esq.
        3305 Jerusalem Avenue, Suite 201
        Wantagh, New York 11793
        Telephone: (516) 826-6500

*M:\Documents\Company\Cases\Innovest Holdings, LLC\Bernadeta Adversary Proceeding\Complaint Against Bernadeta v2.docx*