UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

In re:                                                        Chapter 7

INNOVEST HOLDINGS, LLC,                                        Case No.: 13-22748 (RDD)

        Debtor.

----------------------------------------------------------------------x

MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE
OF THE ESTATE OF INNOVEST HOLDINGS, LLC,

        Plaintiff,                              Adv. Pro. No.: 14-08209 (SHL)

    -against-

JOHN C. CZAPLINSKI a/k/a JAN CZAPLINSKI,
ALICJA CZAPLINSKI and JOHN J. CZAPLINSKI,

        Defendants.

----------------------------------------------------------------------x

### ORDER APPROVING, UNDER BANKRUPTCY RULE 9019(a), STIPULATION OF SETTLEMENT AMONG THE CHAPTER 7 TRUSTEE AND JAN CZAPLINSKI, ALICJA CZAPLINSKI AND JOHN J. CZAPLINSKI

Upon the motion of plaintiff Marianne T. O'Toole, as Chapter 7 Trustee (the "Trustee") of the estate Innovest Holdings, LLC, seeking the entry of an Order: (I) approving a stipulation among the Trustee and Jan Czaplinski, Alicja Czaplinski and John J. Czaplinski (the "Stipulation"); and (b) granting such other and further relief as the Court deems just and proper (the "Settlement Motion"); and upon the notice of hearing of the Settlement Motion; and upon the Affidavit of Service evidencing proof of service of the Settlement Motion in accordance with Federal Rule of Bankruptcy Procedure 2002(a)(3); and no objections to the Settlement Motion having been filed; and upon the Order dated January 12, 2016 approving the Stipulation, which was entered in the In re RML Development, Inc. case [Case No. 15-22066 (RDD), Dkt. No. 377]; and upon the hearing held before the Court on January 15, 2016, the record of which is incorporated herein by reference;

and the Court having found that the relief sought by the Trustee in the Settlement Motion is warranted; and no additional notice being necessary or required, now, therefore, it is

ORDERED, that the Stipulation, a copy of which is annexed as <u>Exhibit A</u>, is hereby approved; and, it is further

ORDERED that the Trustee is authorized and empowered to expend such funds and execute and deliver any and all documents as are reasonably necessary to implement the terms of this Order and the Stipulation.

Dated: January 21, 2016
          New York, New York

                                        ___*/s/ Sean H. Lane*___
                                        Honorable Sean H. Lane
                                        United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                            Chapter 7

INNOVEST HOLDINGS, LLC,                           Case No.: 13-22748 (RDD)

                    Debtor.
-------------------------------------------------------------------x
MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE
OF THE ESTATE OF INNOVEST HOLDINGS, LLC,

                    Plaintiff,                    Adv. Pro. No.: 14-08209 (SHL)

          -against-

JOHN C. CZAPLINSKI a/k/a JAN CZAPLINSKI,
ALICJA CZAPLINSKI and JOHN J. CZAPLINSKI,

                    Defendants.
-------------------------------------------------------------------x
In re:                                            Chapter 7

RML DEVELOPMENT, INC. d/b/a PINETREE PLACE
APARTMENTS d/b/a RAINTREE APARTMENTS,             Case No.: 15-22066 (RDD)

                    Debtor.
-------------------------------------------------------------------x

## STIPULATION OF SETTLEMENT

Marianne T. O'Toole (the "Trustee"), as Chapter 7 Trustee of the estate of Innovest

Holdings, LLC ("Innovest") and as Chapter 7 Trustee of the estate of RML Development, Inc.

("RML" and, together with Innovest, the "Debtors"), by and through her undersigned counsel,

and Jan Czaplinski, sued herein as John C. Czaplinski a/k/a Jan Czaplinski ("Jan"), Alicja

Czaplinski ("Alicja") and John J. Czaplinski ("John" and, together with Jan and Alicja, the

"Czaplinskis"), individually and through their undersigned counsel, hereby stipulate and agree as

follows:

## BACKGROUND

### I.    The Bankruptcy Filings and Appointment of the Trustee

WHEREAS, on May 10, 2013 (the "Innovest Petition Date"), Innovest filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

WHEREAS, by Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines, Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of Innovest's estate and, by operation of law, she became the permanent Trustee of Innovest's estate;

WHEREAS, on August 29, 2013 (the "RML Petition Date"), RML Development Inc. ("RML") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Tennessee. RML's Chapter 11 case was transferred to the Court in accordance with an Order dated November 20, 2014 and is pending under case no. 15-22066;

WHEREAS, by Order dated May 19, 2015, RML's case was converted to a case under Chapter 7 of the Bankruptcy Code;

WHEREAS, by Appointment of Interim Trustee dated May 20, 2015, Marianne T. O'Toole was appointed as the Chapter 7 Trustee of RML's estate and, by operation of law, she became the permanent Trustee of RML's estate;

### II.    The Proofs of Claim

WHEREAS, Jan and Alicja filed a general unsecured proof of claim in the total amount of $377,917.48 against Innovest's estate, which claim was designated as claim number 5-1 ("Innovest Claim 5");

WHEREAS, Jan and Alicja filed a general unsecured proof of claim in the total amount of $377,917.48 against the estate of Sledziejowski ("Sledziejowski"), Case No. 13-22050[1], which claim was designated as claim number 37-1 ("Sledziejowski Claim 37");

WHEREAS, Innovest Claim 5 and Sledziejowski Claim 37 are duplicative of each other;

III.   **The Innovest Adversary Proceeding**

WHEREAS, based upon her investigation into Innovest's financial affairs, the Trustee determined that, within six years of the Innovest Petition Date, Jan and Alicja received transfers totaling not less than $973,849.95 from Innovest, and John received transfers totaling not less than $39,621.41 (collectively, the "Innovest Transfers");

WHEREAS, by complaint dated February 21, 2014 (the "Innovest Complaint"), the Trustee commenced an adversary proceeding against the Czaplinskis seeking to avoid and recover the Innovest Transfers pursuant to, inter alia, Bankruptcy Code §§ 105, 541, 542, 544, 548 and 550, §§ 273 and 276-a of New York Debtor and Creditor Law and New York common law (the "Innovest Adversary Proceeding");

WHEREAS, on April 25, 2014, an answer to the Innovest Complaint was filed on behalf of the Czaplinskis in the Innovest Adversary Proceeding;

WHEREAS, the Czaplinskis disputed the allegations in the Innovest Complaint and asserted numerous affirmative defenses to the Trustee's claims, including that the Innovest Transfers were made for fair consideration and received in good faith;

WHEREAS, the Trustee and the Czaplinskis engaged in discovery and the exchange of information in the Innovest Adversary Proceeding;

WHEREAS, Jan and Alicja asserted that Sledziejowski, or an entity controlled by him, withdrew monies totaling not less than $451,000.00 from the accounts of Jan and Alicja;

---

[1]   Marianne T. O'Toole is also the Chapter 7 Trustee of the estate of Roman Sledziejowski ("Sledziejowski").

**IV. The RML Transfers**

WHEREAS, based upon her investigation into RML's financial affairs and in connection with discovery conducted in the Innovest Adversary Proceeding, the Trustee determined that, within two years of the RML Petition Date, Jan and Alicja received transfers totaling not less than $100,000.00 ~~$100,000.00~~ from RML (collectively, the "RML Transfers");

*[handwritten margin notes: $70,000.00 ; JC. ; AC ; CM]*

WHEREAS, the Trustee demanded the turnover of the RML Transfers pursuant to, inter alia, Bankruptcy Code §§ 105, 541, 542, 544, 548 and 550 and Tennessee Code §§ 66-3-301, et seq. (2013);

WHEREAS, the Trustee and Jan and Alicja engaged in discovery and the exchange of information relating to the RML Transfers;

**V. The Settlement**

WHEREAS, in order to avoid the costs and risks of litigating the claims asserted in the Innovest Adversary Proceeding and any claims relating to the RML Transfers, the Trustee and the Czaplinskis (together, the "Parties") agreed to resolve their disputes on the terms and subject to the conditions set forth in this Stipulation of Settlement (the "Stipulation"), including certain releases between the Parties.

NOW THEREFORE, for good and valuable consideration, it is hereby stipulated to, consented to and agreed by and between the Parties as follows:

1. In full and final settlement of the claims asserted by the Trustee in the Innovest Adversary Proceeding and any claims that may exist relating to the RML Transfers, Jan and Alicja shall pay to the Trustee the sum of $200,000.00 (the "Settlement Sum"). The Settlement Sum shall be paid to the Trustee by bank or certified check drawn on accounts of Jan and Alicja upon execution of the Stipulation.

2.       Upon payment of the Settlement Sum, the Trustee shall promptly seek entry of an

order of the Court approving this Stipulation pursuant to, inter alia, Bankruptcy Rule 9019, by

filing and serving a motion for approval of same.

3.       Upon the entry of a final, non-appealable Order approving this Stipulation, Jan

and Alicja's claims shall be deemed allowed claims in the full amount thereof and be afforded

treatment as general unsecured claims, specifically: (a) Innovest Claim 5 in the amount of

$377,917.48, provided, however, that such claim will be reduced by any distributions made by

the Trustee and received by Jan and Alicja on account of Sledziejowski Claim 37; (b)

Sledziejowski Claim 37 in the amount of $377,917.48, provided, however, that such claim will

be reduced by any distributions made by the Trustee and received by Jan and Alicja on account

of Innovest Claim 5; and (c) the claim under section 502(h) of the Bankruptcy Code in the

amount of $200,000.00, which may be filed by Jan and Alicja in accordance with this

Stipulation.

## REPRESENTATIONS BY THE CZAPLINSKIS

4.       As a material term of this Stipulation and an inducement to the Trustee to accept

the Settlement Sum, the Czaplinskis each make the following representations and warranties to

the Trustee and the Trustee is reasonably relying on such representations and warranties in

entering into this Stipulation:

        a. The Czaplinskis are represented by counsel, have read this Stipulation and
          understand all of its terms and their obligations hereunder.

        b. Other than the funds allegedly transferred to the Czaplinskis and which are the
          subject of this action and settlement, the Czaplinskis are not holding any assets on
          behalf of the Debtors, Sledziejowski or any other entity in which Sledziejowski
          has or had an ownership interest, and have never held, any assets on behalf of the
          Debtors, Sledziejowski, Sledziejowski's family members or any other entity in
          which Sledziejowski has or had an ownership interest, except that: (i) Jan and
          Alicja have an interest in JACRS, LLC, an entity which owns real property and
          has operating accounts, and in which Sledziejowski had an interest which was

allegedly conveyed to Sledziejowski's wife Monika Sledziejowski, now known as Monika Wrobel; and (ii) Jan and Alicja have an interest in JAMC, LLC, an entity which invested in Top Consulting Private Client Services Sp. z.o.o., which is an entity that Sledziejowski or one of his affiliates may have or had an interest.

c.   The Czaplinskis have not held, and do not have, any bank accounts held jointly with the Debtors, Sledziejowski, Sledziejowski's family members or any other entity in which Sledziejowski has or had an ownership interest, except that: (i) Jan and Alicja have an interest in JACRS, LLC, an entity which owns real property and has operating accounts, and in which Sledziejowski had an interest which was allegedly conveyed to Sledziejowski's wife Monika Sledziejowski, now known as Monika Wrobel; (ii) Jan and Alicja have an interest in JAMC, LLC, an entity which invested in Top Consulting Private Client Services Sp. z.o.o., which is an entity that Sledziejowski or one of his affiliates may have or had an interest; and (iii) the Czaplinskis have no knowledge as to what accounts, if any, Sledziejowski may have created in the Czaplinskis' name, but do not claim any interest in any such accounts, if any such accounts exist, and waive any rights to same.

d.   The Czaplinskis have not held, and do not have any bank accounts in which the Debtors or Sledziejowski has or had signatory authority, except that: (i) Jan and Alicja have an interest in JACRS, LLC, an entity which owns real property and has operating accounts in which Sledziejowski had an interest which was allegedly conveyed to Sledziejowski's wife Monika Sledziejowski, now known as Monika Wrobel; (ii) Jan and Alicja have an interest in JAMC, LLC, an entity which invested in Top Consulting Private Client Services Sp. z.o.o., which is an entity that Sledziejowski or one of his affiliates may have or had an interest; and (iii) the Czaplinskis have no knowledge as to what accounts, if any, Sledziejowski may have created in the Czaplinskis' name, but do not claim any interest in any such accounts, if any such accounts exist, and waive any rights to same.

e.   The Czaplinskis have not held and do not have, any legal, beneficial, equitable or other ownership interest in any real property of any kind, with the Debtors or Sledziejowski, and have not been and are not entitled to receive any real property from the Debtors or Sledziejowski for any reason whatsoever including, but not limited to, by reason of any agreement, contract, understanding, account stated, obligation, account receivable, loan receivable, claim, cause of action, right or legal or equitable remedy and no real property is, as of the date hereof, or has been for the four years prior to the date hereof, in the possession, custody, dominion, control, or name of the Debtors or Sledziejowski, in any capacity whatsoever including, but not limited to, as custodian, agent, representative, escrow agent, bailee, nominee, transferee, or assignee or for any aim, purpose, or reason whatsoever, except that: (i) Jan and Alicja have an interest in JACRS, LLC, an entity which owns real property and has operating accounts, and in which Sledziejowski had an interest which was allegedly conveyed to Sledziejowski's wife Monika Sledziejowski, now known as Monika Wrobel; (ii) Jan and Alicja have an interest in JAMC, LLC, an entity which invested in Top Consulting Private Client Services Sp. z.o.o., which is an entity that Sledziejowski

or one of his affiliates may have or had an interest; and (iii) the Czaplinskis have no knowledge of any property Sledziejowski may have acquired in the Czaplinskis' names, but the Czaplinskis do not claim any interest in any such property, if any such property exists, and waive any rights to same.

f.   The Czaplinskis shall fully comply with the terms of this Stipulation.

## MUTUAL RELEASES

5.     Upon the entry of a final, non-appealable Order approving this Stipulation, the Czaplinskis shall be deemed to have, and shall have, released and forever discharged the Trustee, the Trustee's professionals and the Debtors' estates from any and all claims and causes of action of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Czaplinskis have, had, may ever have or may ever claim to have, excluding: (i) Innovest Claim 5; (ii) Sledziejowski Claim 37; and (iii) the claim that Jan and Alicja have under Bankruptcy Code § 502(h). For avoidance of doubt, the Czaplinskis are not releasing or discharging any other entity, including but not limited to Top Consulting Private Client Services Sp. z.o.o. and TWS Financial, LLC d/b/a TWS, Trade Wall Street, Trade Wall Street Financial, and/or ECN Trading LLC, *and Roman Sledziejowski.*

6.     Jan and Alicja may file a claim under Bankruptcy Code § 502(h) for the Settlement Sum, which claim shall be deemed an allowed claim in the full amount thereof and be afforded treatment as a general unsecured claim; provided, however, that any such claim must be filed within fourteen (14) days of the entry of a final, non-appealable Order approving this Stipulation or it shall be deemed waived with prejudice.

7.     Upon the entry of a final, non-appealable Order approving this Stipulation, the Trustee shall be deemed to have, and shall have, released and forever discharged ~~the Czaplinskis~~ *John C. Czaplinski a/k/a Jan Czaplinski, Alicja Czaplinski and John J. Czaplinski*

from any and all claims and causes of action of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Trustee and/or the Debtors' estates have, had, may ever have or may ever claim to have against the Czaplinskis, including but not limited to any and all claims asserted or which may have been against the Czaplinskis in the Innovest Adversary Proceeding and any and all claims relating in any manner whatsoever to the RML Transfers. For avoidance of doubt, the Trustee is not releasing or discharging any entity or individual other than the Czaplinskis.

## ADDITIONAL PROVISIONS

8.      This Stipulation is subject to, and shall become effective and binding on the Parties only upon the entry of a final, non-appealable Order of the Court approving this Stipulation. In the event the Court does not approve this Stipulation, or if the Court is overturned on appeal, the Trustee shall promptly return the Settlement Sum to Jan and Alicja without offset and this Stipulation shall be deemed null and void and of no further force and effect and nothing contained herein shall be deemed an admission by the Parties.

9.      Upon the entry of a final, non-appealable Order approving this Stipulation, the Parties shall file a stipulation discontinuing the Innovest Adversary Proceeding, with prejudice and without costs to any party.

10.     Nothing in this Stipulation shall be deemed or construed as an admission of liability on the part of any of the Parties.

11.     This Stipulation is a compromise and settlement of disputed claims and is the product of arm's-length negotiations.

Page 8 of 10

12.    This Stipulation may not be amended or modified other than in writing executed by each of the Parties.

13.    This Stipulation sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

14.    This Stipulation shall be binding upon the Parties, their respective heirs, executors, successors, administrators and assigns.

15.    This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

16.    The Court shall retain exclusive jurisdiction over the subject matter of this Stipulation.

Dated: _____ , 2015
       Wantagh, New York

                              **LaMONICA HERBST & MANISCALCO, LLP**
                              Counsel to Marianne T. O'Toole, as Chapter 7 Trustee of
                              Innovest Holdings, LLC and RML Development, Inc.

                   By:        _____
                              Joseph S. Maniscalco, Esq.
                              Holly R. Holecek, Esq.
                              3305 Jerusalem Avenue
                              Wantagh, New York 11793
                              Telephone: (516) 826-6500

Dated: _____ , 2015
       Garden City, New York

                              **MEYER, SUOZZI, ENGLISH AND KLEIN, P.C.**
                              Counsel to John C. Czaplinski a/k/a Jan Czaplinski, Alicja
                              Czaplinski and John J. Czaplinski

                   By:        _____
                              Edward J. LoBello, Esq.
                              990 Stewart Avenue, Suite 300
                              Garden City, New York 11530
                              Telephone: (516) 592-5706

Page 9 of 10

Dated: _December 4_, 2015
     Brooklyn, New York

                                                                                   
John C. Czaplinski a/k/a Jan Czaplinski

Dated: _December 4_, 2015
     Brooklyn, New York

Alicja Czaplinski

Dated: _December 3_, 2015
     Brooklyn, New York

John J. Czaplinski